IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KALEKI OLIVER,<br><br>Plaintiff,<br><br>vs.<br><br>OHANA PACIFIC MANAGEMENT INC.;<br>HALE KUPUNA HERITAGE HOME,<br>LLC, JORDAN GOMEZ; and KURT<br>AKAMINE,<br><br>Defendants. | CV NO. 04-00409 HG/BMK<br><br>DECLARATION OF KURT<br>AKAMINE; EXHIBITS D-H |

## DECLARATION OF KURT AKAMINE

KURT AKAMINE declares the following:

1.  I am the Director of Operations of Hale Kupuna Heritage Home, LLC ("Hale Kupuna"). I have been in this position since November 1, 2004. Prior to that, I was the Administrator of Hale Kupuna. I have worked at Hale Kupuna since August 1, 2001. I make this Declaration upon facts and information personally known to me except in those instances where statements are made upon information and belief and, in those instances, I believe them to be true.

2.  Hale Kupuna is a private nursing facility located in Omao, Kauai.

**EXHIBIT A**

3.  At all relevant times to Plaintiff Kaleki Oliver's ("Plaintiff") Complaint, I was the Administrator at Hale Kupuna, and Kathie Taylor was the Director of Operations at Hale Kupuna. Taylor, however, is no longer employed at Hale Kupuna; I have since been promoted to the position of Director of Operations at Hale Kupuna, and Jenni Victorino is now the Administrator at Hale Kupuna.

4.  Plaintiff's alleged incident with Defendant Jordan Gomez ("Gomez") in late February to early March 2003 first came to management's attention during its internal investigation in May 2003 of a different incident involving Plaintiff's friend, Triana Fernandez, and another CNA. In the course of interviewing Fernandez on May 8, 2005, Fernandez disclosed the alleged incident between Plaintiff and Gomez.

5.  Hale Kupuna managers interviewed Plaintiff on May 9, 2003 relative to the investigation of Fernandez's complaints, and during that interview, management also asked Plaintiff about her alleged incident with Gomez. Management then immediately initiated an investigation of Plaintiff's alleged incident with Gomez.

6.  During the internal investigation, management interviewed eleven employees, including Plaintiff, Gomez, and Fernandez. Gomez denied Plaintiff's allegations of sexual harassment. Other witnesses did not corroborate

Plaintiff's allegations and, as a result, Hale Kupuna determined that Plaintiff's allegations could not be substantiated.

7. After Hale Kupuna received Plaintiff's EEOC charge on October 30, 2004, which contained embellished allegations of harassment and retaliation, an outside investigator, attorney Kitty Kamaka, was retained to conduct an independent investigation of Plaintiff's allegations. Kamaka similarly concluded that Plaintiff's allegations could not be sustained. Her investigation report was submitted to the EEOC and it thereafter dismissed Plaintiff's charge with a finding that it was unable to conclude that Plaintiff's allegations established violations of employment discrimination laws.

8. Hale Kupuna conducted mandatory sexual harassment training for all employees in the summer of 2003.

9. Although Plaintiff's complaint against Gomez was not corroborated, during Hale Kupuna's internal investigation it came to light that several employees, including Plaintiff, Fernandez, Gomez and two others, had engaged in inappropriate sexual joking while at work. Accordingly, Hale Kupuna issued written counselings or, for some employees (other than Plaintiff), unpaid suspensions from work.

10. Management informed Plaintiff that she was being counseled during a meeting on May 13, 2003.

11. On or around May 19, 2003, one week after Plaintiff received the written counseling, Plaintiff filed police reports against me and Gomez. Ultimately, the authorities declined to prosecute either criminal complaint.

12. While Plaintiff was out on disability leave due to a non-work related ankle injury, she voluntarily returned to work on two occasions to attend general staff meetings.

13. The first such meeting Plaintiff attended was in August 2003. Following the meeting, Plaintiff approached me to thank me for putting up some lights at the facility. Plaintiff did not appear in any way to be afraid or intimidated by me when she came up to talk to me.

14. The second meeting Plaintiff attended was in October 2003. At some point after the meeting, Plaintiff approached me to suggest some ideas about bonuses for employees who work over the holidays. Like the August 2003 meeting, Plaintiff did not display any sort of fear, anxiety or aversion toward me when she spoke to me on this occasion.

15. Following Plaintiff's return from her disability leave in November 2003, Plaintiff worked for the next thirteen months at Hale Kupuna, without incident.

16. At all relevant times, Gomez shared the same position as Plaintiff, was not in Plaintiff's chain of command, and did not exercise supervisory authority over her.

17. As set forth above, the first time management learned of Plaintiff's alleged incident with Gomez was on May 8, 2003 during the course of management's interview with Fernandez. Therefore, management first learned of the incident with Gomez after May 2, 2003, which is when Plaintiff alleges I made an alleged retaliatory comment to her.

18. Plaintiff first disclosed the alleged retaliatory comment I made to her during the May 13th meeting at which Hale Kupuna informed Plaintiff that she was being issued a written counseling; by that time, Hale Kupuna had already made the decision to issue the counseling.

19. Plaintiff has alleged that, during the May 13th meeting, Hale Kupuna wrongfully would not give her details of what sexual remarks she allegedly made and to whom. Plaintiff, however, was not singled out in this regard; Hale Kupuna did not disclose these details to any of the employees who were counseled or suspended in order to maintain the confidentiality of Hale Kupuna's internal investigation.

20. Exhibit D is a true and correct copy of a Disciplinary Counsel issued by Hale Kupuna to Plaintiff in connection with Hale Kupuna's internal investigation in May 2003.

21. Exhibit E is a true and correct copy of a Disciplinary Counsel issued by Hale Kupuna to Triana Bergonia (formerly Fernandez) in connection with Hale Kupuna's internal investigation in May 2003.

22. Exhibit F is a true and correct copy of a Disciplinary Counsel issued by Hale Kupuna to Efren Yanos in connection with Hale Kupuna's internal investigation in May 2003.

23. Exhibit G is a true and correct copy of a Disciplinary Counsel issued by Hale Kupuna to Elvira Martinez-Dulay in connection with Hale Kupuna's internal investigation in May 2003.

24. Exhibit H is a true and correct copy of a Disciplinary Counsel issued by Hale Kupuna to Marjorie Alop in connection with Hale Kupuna's internal investigation in May 2003.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 12, 2005.

_____
KURT AKAMINE